**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Ernesto Rivera

     v.                                 Civil No. 14-cv-339-PB

Nicole Brooks et al.[1]


**REPORT AND RECOMMENDATION**[2]


    Ernesto Rivera filed a Complaint (doc. no. 1), pursuant to 42 U.S.C. §§ 1983, 1985, alleging that defendants have violated, his Fourth and Fourteenth Amendment rights.  The court issued an Order (doc. no. 4) directing Rivera to amend his Complaint. Rivera has now filed an Amended Complaint (doc. no. 5), Complaint Addendum (doc. no. 6), and a Second Amended Complaint (doc. no. 8), which are before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).  Rivera has

---

[1]The Complaint (doc. no. 1), Amended Complaint (doc. no. 5), Complaint Addendum (doc. no. 6), and Second Amended Complaint (doc. no. 8), are construed to name the following defendants to this action: Nashua Police Department ("NPD") Officer Nicole Brooks; NPD Officer Spinkle, whose first name is unknown; Hudson Police Department Officer Thomas Scotty, the City of Nashua, New Hampshire, the Town of Hudson, New Hampshire, and six unknown NPD officers.

[2]This Report and Recommendation replaces the Report and Recommendation issued on January 5, 2015 (doc. no. 7), which is withdrawn in an Order issued this date.

also filed a motion to amend (doc. no. 10)[3] the Complaint, which includes a request to stay certain claims in this action.  The factual assertions in these pleadings (doc. nos. 1, 5, 8, and 10), will be considered as part of the complaint in this matter for all purposes.

## Background[4]

On July 21, 2013, Nashua Police Department ("NPD") Officers Spinkle and Brooks arrested Rivera and charged him with simple assault, criminal threatening, and possession of a controlled drug with intent to distribute.  Since his arrest, Rivera has been detained at the Hillsborough County House of Corrections.

On August 19, 2013, at 11:15 p.m., Officer Brooks obtained a warrant to search Rivera's home in Hudson, New Hampshire. Rivera alleges that the signed warrant did not specify the hours during which the search was authorized.  At 12:19 a.m. on August 20, 2013, Officer Brooks and several Hudson Police Department ("HPD") officers, including HPD Officer Thomas Scotty, executed

---

[3]Document No. 10 was originally filed as an objection to a previously issued Report and Recommendation, but, in an Order issued this date, the court directs that the pleading be construed as a motion to amend, and renamed in the docket accordingly.

[4]The standard the court uses in conducting preliminary review is set forth in the September 25, 2014, Order (doc. no. 4).

a search of Rivera's home, damaging the door in the process.

On August 23, 2013, Rivera's wife left a message for Officer Brooks stating that she had found a gun in the house. Officer Brooks then obtained a second search warrant for Rivera's home, and executed the warrant, finding a gun and ammunition.  Rivera alleges that the gun was planted in his home after the August 20 search.

In October 2013, Rivera was indicted on two counts of being a felon in possession of a weapon, one occurring on May 5, 2013, see State v. Rivera, No. 226-2013-CR-613 (N.H. Super. Ct., Hillsborough Cnty., S.D.), and one on August 23, 2013, see State v. Rivera, 226-2013-CR-636 (N.H. Super. Ct., Hillsborough Cnty., S.D.), and one count of possessing cocaine with intent to distribute on August 20, 2013, see State v. Rivera, 226-2013-CR-637 (N.H. Super. Ct., Hillsborough Cnty., S.D.).  Those charges are all presently pending in the Superior Court.

## **Claims**[5]

Rivera has asserted the following claims for relief:

1.   NPD Officers Spinkle and Brooks violated Rivera's Fourth and Fourteenth Amendment rights by subjecting him to

---

[5]The identification of Rivera's claims in this Report and Recommendation replaces the identification of claims set forth in the court's September 25, 2014, Order (doc. no. 4), and the Court's January 5, 2015, Report and Recommendation (doc. no. 7).

a vindictive and selective arrest on July 21, 2013.

2.    NPD Officers Spinkle and Brooks appeared at Rivera's post-arrest bail hearing in an effort to intimidate the judge in order to prevent the judge from setting a low bail.

3.    NPD Officer Brooks, HPD Officer Scotty, and six unknown NPD officers violated Rivera's Fourth and Fourteenth Amendment rights by executing a search of his home a month after his arrest, motivated by racial prejudice.

4.    NPD Officer Brooks, HPD Officer Scotty, and six unknown NPD officers violated Rivera's Fourth and Fourteenth Amendment rights by searching his house without a lawful warrant on August 20, 2013, as the warrant neither indicated the time it was to be executed, the crime that was being investigated, nor that there was probable cause to search the residence.

5.    NPD Officer Brooks, HPD Officer Scotty, and six unknown NPD officers damaged Rivera's home and personal property on August 20, 2013, while they were executing a search warrant, in violation of Rivera's Fourth Amendment and Fourteenth Amendment rights.

6.    On August 23, 2013, defendants NPD Officer Brooks, HPD Officer Scotty, and six unknown NPD officers unlawfully seized Rivera's safe by removing it from his home and taking it to be opened at the NPD without a warrant, in violation of Rivera's Fourth Amendment rights.

7.    Between August 20, 2013, and August 23, 2013, NPD Officer Brooks and HPD Officer Scotty, illegally planted a gun in Rivera's home, thereby fabricating the basis for charging Rivera with being a felon in possession of a gun on August 23, 2013, in violation of his Fourth and Fourteenth Amendment rights.

8.    On August 23, 2013, defendants NPD Officer Brooks, HPD Officer Scotty, and six unknown NPD officers, conducted an illegal search of Rivera's home, pursuant to an invalid search warrant, in furtherance of a conspiracy to fabricate evidence against Rivera, in violation of his Fourth and

Fourteenth Amendment rights;

9.    The City of Nashua, New Hampshire, and Town of Hudson,
New Hampshire, are liable to Rivera as the entities that
employ and train the individual defendants, for the
individual defendants' violations of Rivera's Fourth and
Fourteenth Amendment rights.

## Discussion

### I.    Claims 4 – 8

Rivera has stated sufficient facts to allow Claims 4 and 6
- 9 to proceed against defendants Brooks and Scotty, and the six
unknown NPD officers involved in the August 20 and August 23,
2013, searches of Rivera's home.  As to Claim 5, as explained in
the Court's September 25, 2014, Order (doc. no. 4), a Fourteenth
Amendment claim asserting a deprivation of property without pre-
deprivation notice is not actionable under § 1983 in this case,
and the district judge should dismiss the Fourteenth Amendment
claim.  However, as Rivera asserts facts sufficient to state a
claim that the police caused destruction of his property that
cannot be deemed reasonably necessary to conduct a search, he
has stated a Fourth Amendment claim that may proceed.
Accordingly, in an Order issued simultaneously with this Report
and Recommendation, the court directs service of Claims 4 – 9 on
the defendants.

## II.  Claims 1 - 3

Rivera alleges that NPD Officers Spinkle and Brooks arrested him selectively and vindictively on July 21, 2013, appeared at his bail hearing in an effort to intimidate the judge, and obtained a search warrant for his house based on their racial prejudice against him.  All of these allegations, stripped of legal conclusions, fall far short of stating claims upon which relief might be granted.  Accordingly, those claims (Claims 1-3 above) should be dismissed from this action.

## III. Nashua and Hudson (Claim 9)

Rivera attempts to sue the City of Nashua and the Town of Hudson as employers and trainers of the defendant officers.  In a § 1983 action, however, employers may not be sued in their supervisory capacities under a theory of respondeat superior. See Ramírez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014).  As Rivera cannot state a supervisory liability claim, and asserts no other basis for holding the municipalities liable in this matter, Nashua and Hudson should be dropped from this action and the district judge should dismiss Claim 9.

## Conclusion

For the foregoing reasons, the District Judge should dismiss Claims 1-3, 5 (to the extent it asserts a Fourteenth

Amendment violation), and 9, and drop defendants Spinkle,

Nashua, and Hudson from the action.  In an Order issued this

date, the court directs service of the complaint on defendants

Brooks and Scotty.[6]

Any objections to this Report and Recommendation must be

filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2).  Failure to file objections within the

specified time waives the right to appeal the district court's

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617

F.3d 554, 564 (1st Cir. 2010).

Andrea K. Johnstone
United States Magistrate Judge

May 4, 2015

cc:  Ernest Rivera, pro se

---

[6]Rivera has stated claims against unknown NPD officers in
regard to Claims 4 – 6 and 8.  Once Rivera obtains the names of
those officers through the discovery process, he can move to
amend his complaint to add them as named defendants, and to
identify how each of those individual NPD officers violated his
rights.