UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ernesto Rivera

   v.                              Civil No. 14-cv-339-PB

Nicole Brooks et al.

**REPORT AND RECOMMENDATION**

    Before the court for preliminary review are two addenda to the complaint (doc. nos. 13 and 16), filed by plaintiff, Ernesto Rivera. Those addenda were originally docketed as motions to amend the complaint, and in an Order issued on this date, the court granted both motions, so that the assertions therein could be subjected to preliminary review, pursuant to LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

**Background**

    In this action, Rivera asserts that the defendants violated his Fourth and Fourteenth Amendment rights in connection with a state criminal investigation, and that they are liable to him under 42 U.S.C. §§ 1983 and 1985. On May 4, 2015, the magistrate judge conducted a preliminary review of claims asserted in documents previously deemed to comprise the

complaint (doc. nos. 1, 5, 6, 8, and 10). The court issued a Report and Recommendation (doc. no. 11) ("May 4 R&R") following that review, recommending dismissal of some claims. The court then directed service of other claims on Nashua Police Department ("NPD") Officer Nicole Brooks and Hudson Police Department ("HPD") Officer Thomas Scotty, see Order (doc. no. 12) ("May 4 Order"), and directed that, upon acceptance of the May 4 R&R and the completion of service upon Brooks and Scotty, the action would be stayed pending resolution of the related criminal case. Brooks and Scotty have now been served, but the stay is not yet effective, as the district judge has not yet ruled on whether to accept the May 4 R&R.

In the May 4 R&R, the court identified nine claims (identified therein as Claims 1-9) asserted in Document Nos. 1, 5, 8, and 10. The May 4 R&R recommends that Claims 1-3, 5 (to the extent it asserts a Fourteenth Amendment claim), and 9, be dismissed; and that all of the defendants, except Brooks and Scotty, be dropped from this action. In the May 4 Order, the court directed service of Claims 4, 5 (to the extent it asserts a Fourth Amendment claim), and 6-8, on defendants Brooks and Scotty. Thereafter, Rivera filed two motions to amend the complaint (doc. nos. 13 and 16) which the court has granted, and deemed to be new complaint addenda, in an Order issued

simultaneously with this Report and Recommendation.

Those two complaint addenda (doc. nos. 13 and 16) are now before the court for preliminary review, pursuant to LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).[1]  Rivera's complaint, as amended by Document Nos. 13 and 16, differs from the pleadings subjected to preliminary review on May 4, 2015, as follows:

- The NPD is substituted for the City of Nashua as a defendant to this action;

- The HPD is substituted for the Town of Hudson as a defendant to this action;

- NPD Officers Daniel Hodges and Andrew Hagans are added as defendants to Claims 4-6 and 8 in this action, concerning the August 20, 2013, search of Rivera's home;

- Claim 6 is amended to reflect that Rivera's safe was seized and removed from his home, without a warrant, on August 20, 2013, and taken to the NPD where the officers later obtained a warrant to search the safe; and

- The following claim (hereinafter "Claim 10"), asserted against NPD Officer Ryan McDermott, is added to this action, and McDermott is joined as a defendant:

    10.  On July 21, 2013, NPD Officer Ryan McDermott illegally searched and seized Rivera's car without a warrant or probable cause, in violation of Rivera's Fourth Amendment rights.

---

[1]In conducting this preliminary review, the court applies the same standard set forth in the September 25, 2014, Order (doc. no. 4).

## Discussion

I. <u>NPD and HPD</u>

In the May 4 R&R, the court recommended that Claim 9, asserted against the City of Nashua and the Town of Hudson, be dismissed for failure to state a claim of municipal or supervisory liability, and that both municipalities be dropped from this action.  Nothing asserted in Document Nos. 13 and 16 gives rise to any claim against NPD or HPD (or, for that matter, against the municipalities themselves).  Accordingly, the NPD and HPD should be dropped from this action, and Claim 9 should be dismissed, whether asserted against the municipalities or their police departments.

II. <u>NPD Officers Hodges and Hagans</u>

<u>Rivera</u> has asserted sufficient facts to allow Claims 4-6 and 8 to proceed against defendants Hodges and Hagans in this action.  In the Order issued this date, the court directs service of the complaint on those defendants.

III. <u>NPD Officer Ryan McDermott</u>

Rivera has asserted facts sufficient to warrant service of a Fourth Amendment claim against McDermott in regard to McDermott's search and seizure of Rivera's car on July 21, 2013 (Claim 10).  In an Order issued this date, the court directs

4

service of the complaint, in regard to Claim 10, on McDermott.

## IV. 42 U.S.C. § 1985

Rivera cites 42 U.S.C. § 1985 as providing a cause of action for his claims. A section 1985 claim "requires 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 4 (1st Cir. 2012) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Plaintiff has alleged that defendants have violated his rights with "hidden racism, bias and prejudice." Plaintiff's statements, however, are conclusory and unsupported by any fact that allows the court to find, or reasonably infer, that any defendant in this action acted with discriminatory animus on the basis of Rivera's race. Accordingly, the district judge should dismiss the claims asserted under § 1985.

## Conclusion

For the foregoing reasons, the district judge should dismiss the § 1985 claims asserted in this action, and also dismiss Claim 9. The district judge should drop the NPD and HPD as defendants from this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed.

R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

July 9, 2015

cc:   Ernest Rivera, pro se
      Brian J. S. Cullen, Esq.
      Officer Thomas Scotty, Hudson Police Department